Shippen, President,
observed, that while a man remained in the state, though avowing an intention to withdraw from it, he must be considered as an inhabitant, and therefore, not an object of the foreign attachment. If an inhabitant clandestinely withdraws, or secretes himself, to avoid his creditors, he becomes liable to the domestic attachment. The having once been an inhabitant will not, however, protect á man for ever from a foreign attachment, where he has notoriously emigrated from the state, and settled elsewhere. But the case before the court is that of a foreign attachment issued at the very time that the defendant was an inhabitant of the state which cannot be maintained.
Let the rule be made absolute, (a)

 If the debtor be actually dwelling in the county where the writ issued, although he may not be an inhabitant, so as to come within the domestic attachment laws, his effects are not liable to a foreign attachment. Bainbridge v. Alderson, 2 Bro. 61. See Lazarus Barnet’s case, and Taylor v. Knox, ante, p. 152, 158.